**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WILLIE LESTER,**

        **Plaintiff,**

        **vs.**                                             **Civil Action 2:11-CV-0048
                                                                       Judge Marbley**


**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

### OPINION AND ORDER

In considering plaintiff's application for supplement security income, the Commissioner of Social Security found that plaintiff was disabled as of the date that he attained the age of 60 but not prior to that date. This action seeks review of that decision in this Court. On December 12, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation*, Doc. No. 18. This matter is now before the Court on plaintiff's objection to that *Report and Recommendation*, Doc. No. 20. The Court will consider the matter *de novo*. 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

One of the issues in this case is the proper application of the Medical-Vocational Guidelines, 20 C.F.R., Subpt. P, Appx. 2 of Regulations No. 4. Those guidelines consider a claimant's residual functional capacity and vocational profile, including previous work experience, to determine if a finding of disability is directed based upon the exertional limitations alone. *See generally Heckler v. Campbell,* 461 U.S. 458 (1983). At the administrative hearing, plaintiff argued for the application of Rule 203.10 – which applies to individuals with a marginal education, a residual

functional capacity for medium exertion but no prior relevant work experience[1] – and a conclusion of disability once he reached the age of 55. However, the administrative law judge applied Rule 203.01, which directs that individuals with a marginal education, a residual functional capacity for medium exertion and prior relevant work experience are to be regarded as disabled once they reach the age of 60. In her administrative decision, the administrative law judge expressly found that plaintiff "is unable to perform any past relevant work (20 CFR 416.965)," and that plaintiff's "past relevant work is unskilled (20 CFR 416.968)." *Page ID#* 53.

The Magistrate Judge concluded that the finding that plaintiff has prior relevant work experience is supported by substantial evidence in the record. Specifically, the Magistrate Judge referred to a report from one of plaintiff's employers, *see Page ID#* 172, and to the testimony of the vocational expert that plaintiff earned approximately $2200 from that employer in 2001 and approximately $6200 from that employer in 2002, s*ee Page ID#* 72. *Report and Recommendation*, p.7.

In his objections to the *Report and Recommendation*, plaintiff does not address this conclusion but instead focuses only on his alternative argument, *i.e*., that the administrative law judge erred in failing to "discuss how she determined past relevant work . . . ." *Plaintiff's Response to the Report and Recommendation*, p. 1. The Magistrate Judge concluded that administrative law judge's failure to expressly identify those jobs that she regarded as constituting prior relevant work was not fatal: "'[I]t is well settled that "an ALJ can consider all the evidence without directly

---

[1]Under the Commissioner's regulations, work qualifies as prior relevant work "when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. §416.965(a). "Substantial" work activity is "work activity that involves doing significant physical or mental activities," 20 C.F.R. § 416.972(a), and "gainful" work activity is "work activity that you do for pay or profit," 20 C.F.R. §416.972(b). The regulations specify, *inter alia*, that monthly earnings of $740.00 in 2001 and $780.00 in 2002 "will ordinarily show that you have engaged in substantial gainful activity." 20 C.F.R. § 416.974(b)(2).

addressing in his written decision every piece of evidence submitted by a party.'"'" *Report and Recommendation*, p. 7 (quoting *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 507-09, 2006 WL 305648, * 8-9 (6th Cir. 2006)). According to plaintiff, "[i]t is inconceivable that the court would conclude that [the administrative law judge] need not address one of the critical findings in a decision to deny Plaintiff for nearly three (3) years of benefits." *Plaintiff's Response to the Report and Recommendation*, p. 2.

The administrative record in this case makes clear that whether plaintiff's prior employment qualified as substantial gainful employment was a major issue. *See Page ID##* 71-73. The administrative law judge, plaintiff's counsel and the vocational expert all focused on the earnings statement for 2001 and 2002 from Bellisio Foods, one of plaintiff's employers, which reflected earnings that satisfied the monthly earnings threshold for substantial gainful activity. It is true that the administrative law judge expressed some concern that these earnings might not reflect substantial gainful activity, and she gave her assurance that "I will look at it carefully." *Page ID#* 34-35. However, as the Magistrate Judge noted, *Report and Recommendation*, p. 7 n.2, there was confusion on this issue at the administrative hearing only because plaintiff's counsel mischaracterized the requirements of the regulations as they relate to monthly earnings. *See Page ID#* 71-72.

In her decision, the administrative law judge referred to plaintiff's "past relevant work," *Page ID#* 53, and expressly referred to the appropriate regulations. *Id.* Viewed in the context of the administrative hearing, there can be no doubt that the administrative law judge found – correctly – that plaintiff's earnings record documented prior substantial gainful employment. What that prior employment consisted of is simply not determinative to the application of the Medical-Vocational Guidelines or to the outcome of this case.

3

Accordingly, plaintiff's objections to the *Report and Recommendation* are **OVERRULED**. The *Report and Recommendation* is **ADOPTED and AFFIRMED**. The decision of the Commissioner of Social Security is **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).


*s/Algenon L. Marbley*
Algenon L. Marbley
United States District Judge